## Case No. 5,925.

### HALL v. AUSTIN.

[Deady, 104.] [1]

District Court, D. Oregon. Dec. 10, 1864.

PLEADING —REDUNDANCY — EQUITABLE INTEREST AS DEFENSE IN EJECTMENT—DOUBLE PLEAS.

1. Under the Oregon Code, a defendant in ejectment cannot avail himself of an estate in the premises, in himself or another as a defence, unless the fact is pleaded.

2. A detailed statement of matters which might be evidence in support of a plea of title in the defendant, is not a proper or sufficient

___

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

plea of such title, and will be stricken out on motion, as redundant.

[Cited in Bank of British North America v. Ellis, Case No. 859; Drexler v. Smith, 30 Fed. 755.]

3. An alleged equitable interest or right in the defendant in an action of ejectment, is no defence to such action.

4. Section 72 of the Oregon Civil Code, which gives the defendant a right to plead as many several defences to an action as he may have, is similar to 4 Anne, c. 16, § 4, allowing double pleas, and should be similarly construed, so as to permit the defendant to plead inconsistent or contradictory defences to the same action.

[Suit at law by John T. Hall against Isaiah Austin.]

W. W. Page, for plaintiff.
Aaron E. Wait, for defendant.

DEADY, District Judge. This is an action to recover possession of real property, to wit: lots 5 and 6 in block 38 in the town of Portland. The complaint alleges that the plaintiff is seized in fee of the premises, and is entitled to the possession thereof. The answer of the defendant, specifically denies the allegations of the complaint, and also contains what purports to be, six other pleas or defences to the action. The plaintiff moves to strike out all but the sixth of the special pleas, because the facts stated therein are irrelevant and redundant. The first plea substantially states that the premises have been patented by the United States to the corporate authorities of Portland, in trust for the use and benefit of the occupants thereof, under the act of congress of May 23, 1844 [5 Stat. 657], commonly called the "Town Site Law"; and that the defendant has been in the possession and occupancy of the premises for two and a half years, and together with those under whom he claims, for fourteen years, and that he claims the premises by virtue of such occupancy and act of congress. The second plea sets forth a series of conveyances of the premises, commencing with a deed from Nathaniel Crosby and Thomas Smith, to Oliver Colbourne, dated November 15, 1850, and ending with one from John Thompson to the defendant, dated April 11, 1862; and states, substantially, that at the date of the conveyance from Crosby and Smith, to Colbourne, the grantors therein, as the defendant is informed and believed, were the owners in whole or in part, of the premises, or were the agents of the plaintiff, duly authorized to convey the same, and thereby did convey all the right and interest of the plaintiff in the premises, as well as that of Daniel H. Lownsdale, Stephen Coffin and W. W. Chapman, the three proprietors of the Portland land claim. The third plea is the same in effect as the second one, except that it alleges that said Crosby and Smith, at the date of their deed to Colbourne, possessed all the right and title that said Lownsdale, Coffin and Chapman at any time had in the premises. The fourth plea does not differ from

the third, except that it alleges that on November 15, 1850, said Crosby and Smith had and possessed an undivided one half of the premises with the proprietors aforesaid. The fifth plea is like the fourth, except that it alleges that Crosby and Smith were the agents of the plaintiff, and authorized by him to make the deed aforesaid, to Colbourne.

Under the Code (Code Or. 226), a defendant in ejectment, cannot give in evidence any estate in himself or another, in the property in controversy, unless the same is pleaded in his answer, stating therein the nature and duration of the estate. At common law, the plea in this action was simply not guilty, under which the defendant might not only controvert the plaintiff's alleged right directly, but might also prove an estate in the premises in himself, or a third person, except where he, or those under whom he claimed, entered under the plaintiff. The first plea in the answer which contains a specific denial of the allegations of the complaint, is equivalent to the plea of not guilty at common law, and puts the plaintiff upon the proof of his title and right of possession. If the defendant desires to make a further affirmative defence of an estate in himself, or a third person, he must plead the fact specially, and state in the plea whether such estate is in fee, for life, or for a term of years.

A mere statement in detail of facts and transactions, which tend·to show that the defendant had any such estate in the premises, is not a good or sufficient pleading. Instead of pleading an estate in the party, it is a setting forth the evidence of title—an attempt to convert the action at law into a suit in equity. The plea should simply state that the defendant has an estate in the premises, either in fee, for life, or for years, and if either of the latter two, for whose life, or what term of years, as the case may be. In pleading an estate in fee, it was never necessary at law, to do more than to aver the fact, but in case of a lesser estate, the rule required that in all pleadings subsequent to the declaration, its commencement and mode of derivation should be especially stated. Gould, Pl. 60. The Code expressly requires that the answer of the defendant, when it contains a plea of a particular estate in himself, should state for whose life, or what term of years such estate is held.

The motion to strike out must prevail. Tried by these rules, these pleas are objectionable as being either impertinent or redundant. It is not alleged in any of them that the defendant is seized or possessed of any estate in the premises. One and all, they are simply a prolix story of buyings and sellings, or other transactions, with the conclusion that the defendant thereby acquired either all or half the interest of the plaintiff, or all the interest of the three alleged town proprietors on November 16, 1850, whatever that may be or have been. Whatever effect the matters contained in these pleas might

have as evidence, they are not proper to be stated in a plea or answer. To avail himself of the defence of an estate in the premises in himself, the defendant must plead the fact directly and positively, and the statement of a series of transactions or circumstances, from which the same is sought to be inferred, is not sufficient.

As to the plea founded upon the town site law, it is not necessary now to consider the question of whether such law was in force in Oregon before July 17, 1854, when it was specially extended here by act of that date (10 Stat. 305). Lownsdale v. Portland [Case No. 8,578]. Admitting that the law was in force since the date of the organic act, August 14, 1848 [9 Stat. 323], the plea is still liable to the objection of redundancy, being a mere detailed statement, of what is supposed to be sufficient evidence of title or estate in the defendant under that act. Neither is it clear from these pleas what kind of an interest the defendant claims in the premises. It is not alleged in any of them, either in terms or effect, that he has any legal interest in the lots in controversy, and from the argument it appears that if he has any interest it is some kind of an equitable one. In this action the plaintiff claims to have the legal estate in the premises, and an equitable interest or a right in equity to have the legal estate is no defence thereto. In such a case the defendant's remedy is in equity, and his alleged right cannot be determined at law.

A question has been made in the argument, whether under the Code, a defendant could plead inconsistent or contradictory defences in the same answer. At common law a defendant could plead but one defence to an action. But this rule operating hardly in some instances, led to the enactment of 4 Anne, c. 16, § 4, which allowed the defendant by leave of the court, "to plead as many several matters to an action as he might think necessary for his defence." Under the construction given to this statute, each plea was to be considered and have effect as if it were pleaded alone. In the language of Lord Ch. J. Willis, one plea "cannot be taken in to help or destroy another," but that "every plea must stand or fall by itself." With this statute of Anne and this construction of it the Code agrees. Code Or. 157. It provides that "the defendant may set forth by answer as many defences * * * as he may have. They shall each be separately stated and refer to the causes of action, which they are intended to answer, in such a manner that they may be intelligibly distinguished." A defence under the Code separately stated, is nothing more or less than a plea at common law, and "must stand or fall by itself."

While upon this subject it may be proper to notice that some of the allegations in these pleas are made upon information and belief. This form of allegation is not authorized by the Code, and to say the least, only makes the pleadings unnecessarily prolix. The allegation must not be upon hearsay. The verification makes no distinction between the allegations of a pleading—it being to the effect that the party believes the pleading to be true, Code Or. 156. 158. Order that the motion to strike out be allowed, with costs.